Town of Warren *vs.* Albert Wietecha *et al.*

AUGUST 1, 1956.

Present: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

408

CONDON, J. This is a bill in equity to enjoin the respondents from obstructing an alleged public highway in the town of Warren. After a hearing in the superior court on amended bill, answer and proof the trial justice expressly found that the *locus in quo* was a public highway and that the respondents were unlawfully obstructing it. Thereupon a decree to that effect was duly entered and from such decree the respondents have appealed to this court.

The respondents contend that the decree is against the law and the evidence and the weight thereof, and that the trial justice erred in finding that the people in town meeting assembled had impliedly accepted the *locus in quo* as a public highway. Although sixteen reasons of appeal were filed, only the foregoing points were briefed and argued. All other reasons having been neither briefed nor argued are deemed to be waived. While respondents stated the above

points separately in their brief they have argued them together. We shall discuss them in like manner.

The bill alleges in substance that Company street is a public highway which runs westerly from North Water street on the east across Westminster street to the Warren river on the west. It further alleges that the Wietechas, who own property on the southwest corner of Company and Westminster streets, and the Wojtytos, who own the property on the northwest corner thereof, have erected and are maintaining a fence twenty feet west of Westminster street across Company street and are preventing the public from passing over and along that street westerly to the river. It appears from the evidence that they have erected another fence down the middle line of that street to the river, thus dividing the 23-foot wide strip of the highway between them.

The respondents admit those allegations, but they deny that the 23-foot strip west of the first above-mentioned fence is a public highway. They claim that Company street ends at such cross fence and that the land between it and the river belongs lawfully to them. Based upon that claim they denied they were obstructing a public highway and left complainant to its proof.

It appears from complainant's evidence that at a town meeting on May 2, 1835, a committee was duly appointed to ascertain the recorded names of the streets in the compact part of the town and to retain a surveyor to plat such part of the town. That committee reported to the town meeting on August 25, 1835, which voted that the street commencing "on North Water Street near the Northeast corner of Lewis B. Pearce house and running Westerly to the river shall be called Company Street." Later, on November 7, 1854, the town meeting ordered that a survey and plat of the town be made. As a result such a survey and plat were made and recorded in plat book No. 1 of the records of land evidence in the town clerk's office. Company street is delineated on that plat as running from North Water street to the river.

The complainant also introduced in evidence certified copies of deeds in which respondents' lots were described by their ancestors in title. The lot now owned by the Wietechas was conveyed to the Warren Manufacturing Company by deed of Thomas G. Turner and his wife, dated August 1, 1871, wherein it was described as bounded "Northerly by Company Street * * *." The Wojtyto lot was part of a larger tract conveyed to said company by deed of James Coffin and Alfred Bosworth dated April 6, 1860, which tract was therein described as bounded "Southerly by Company Street * * *." The grantors in each of those deeds apparently recognized the existence of the street and did not attempt to convey any portion of it.

However, when the Warren Manufacturing Company conveyed the first-mentioned lot to the Wietechas on December 1, 1934 it described the northerly bound thereof as the center line of the "right-of-way twenty-three (23) feet wide * * *." But it added the following reservation: "The foregoing premises are conveyed subject to the rights of others, if any there be, to travel over the eleven and one-half feet wide strip of land next southerly of the northerly line of the land hereby conveyed from the westerly end of Company Street to the Warren River." When said company conveyed the Wojtyto lot it used similar language. Its deed to the predecessor in title of the Wojtytos described the southerly bound of that lot as the center line of the said right of way and included a reservation of the "rights of others—if any there be—to travel over the eleven and one-half (11½) feet wide strip of land next northerly of the southerly line of the land hereby conveyed, from the westerly end of Company Street to the Warren River."

There is nothing in the record to show that the Warren Manufacturing Company had acquired any more land than was conveyed to it by the Turner and Coffin deeds. Nor does it appear that said company ever obtained the lawful closing and abandonment of that portion of Company street

to which it assumed a qualified proprietary right in its deeds to the Wietechas and the predecessor in title of the Wojtytos. Its grantors, Turner and Coffin, clearly did not assume such a right in their deeds and therefore their grantee, the Warren Manufacturing Company, received by such deeds only the lands therein described.

There is a sharp conflict in the evidence as to whether Company street to the river remained open to public travel after the Warren Manufacturing Company acquired title. Certain witnesses for the respondents testified that said company had maintained a fence for many years at the place in question. It also appeared from the testimony of the Wietechas and other witnesses that after the company sold its real estate and went out of business the fence was torn down by people in the neighborhood. Thereafter, over the objection of neighbors, the Wietechas and a predecessor in title of the Wojtytos rebuilt the fence claiming that the 23-foot strip to the river thereby enclosed was not a public highway but their own absolute property.

The complainant presented several witnesses who claimed to be familiar with the premises for many years prior to 1935 and who had used the street as a highway and had seen others using it by driving vehicles over it to the river. Those witnesses denied that there was any fence obstructing the highway and at least two of them testified that they worked on that part of the street for the town. One repaired the street by placing tar patches on holes therein, and the other worked on a town sewer line which ran down the highway to the river.

It is not necessary to resolve this conflict in order to determine the issue here. That issue is whether the 23-foot strip in extension of Company street became a public highway prior to the Warren Manufacturing Company's acquisition of the lands on both sides of it. Whether said company at any time thereafter ever exercised or claimed the right to exercise absolute dominion over it is of no import-

ance in the decision of that issue, except possibly as evidence tending to negative the town's claim that this strip had been deemed a part of Company street from time immemorial. If the evidence establishes the town's claim, no obstruction of the highway thereafter, however long continued under a claim of right, could defeat the public easement of travel. *Horgan* v. *Town Council*, 32 R. I. 528; *Davis* v. *Girard*, 59 R. I. 471.

Notwithstanding the respondents' evidence as to the Warren Manufacturing Company's assertion of dominion, the trial justice was not convinced that the public right of travel to the river had been adversely affected thereby. On the contrary from all the evidence he expressly found "that Company Street westerly from Westminster Street to the Warren River became a public highway by reason of immemorial usage by the public generally; that there had been no discontinuance of the way by the proper authorities; that the respondents have obtained no part of it through adverse possession and that the town is entitled to have any obstructions in it removed."

After carefully examining the transcript and the numerous exhibits we are of the opinion that such findings are supported by the weight of the evidence and that the decision of the trial justice is not contrary to law. Ordinarily where it is claimed that land privately owned has been dedicated to public travel as a highway certain facts must be shown. In this state it has been held: "To make a highway by dedication, there must be the assent of the owners of the land to its appropriation for a public highway, and its use by the public for such purposes, and for such a length of time, that the public accommodation and private rights might be materially affected by an interruption of the enjoyment." *Hughes* v. *Providence & Worcester R. R.*, 2 R. I. 493, 499.

The case at bar is extraordinary in that there is no evidence in the record that the 23-foot strip of land in question

was ever privately owned. Apparently it was deemed to be a public street as far back as 1835 when the town meeting appointed a committee to ascertain the names of the streets in the compact part of the town and to retain a surveyor to make a plat of the town. In any event when that committee officially reported to the town meeting on August 25, 1835 that Company street ran westerly to the river there does not appear to have been any protest or claim by proprietors of lands at that place that such strip was not a highway but their property. Nor was any such claim or protest made after 1855 when the survey of the town showing Company street running to the river was duly recorded in plat book No. 1 in the town clerk's office. On the contrary on April 6, 1860 when Coffin and Bosworth, who owned the tract of which the Wojtyto lot is a part, conveyed to the Warren Manufacturing Company they acknowledged the existence of the street by describing the premises conveyed as bounded "Southerly by Company Street * * * ." And a few years later, on August 1, 1871, when the Turners conveyed their property on the opposite side of the street to said company they also recognized the street and described the premises they were conveying as bounded "Northerly by Company Street * * *."

On all the evidence we think there can be no question that the public generally had accepted the strip in question as an historic part of Company street and that the proprietors of lands immediately adjacent thereto assented to such appropriation. The trial justice, therefore, did not err in holding that Company street was a public highway to the river and ordering the respondents to cease obstructing it.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John P. Cooney, Jr.,* for complainant.

*Joseph Janas,* for respondents.